NOTE:  This order is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**In re:  IVANTIS, INC.,**
*Petitioner*

---

2020-147

---

On Petition for Writ of Mandamus to the United States District Court for the Central District of California in No. 8:18-cv-00620-JVS-JDE, Judge James V. Selna.

---

**ON PETITION**

---

Before DYK, WALLACH, and TARANTO, *Circuit Judges*.

WALLACH, *Circuit Judge*.

### O R D E R

Ivantis, Inc. petitions for a writ of mandamus asking this court to vacate the United States District Court for the Central District of California's order granting an adverse-inference instruction and to bar the district court from issuing any adverse-inference instruction or alternatively to require the district court to defer consideration of any adverse-inference instruction until the end of trial.  Glaukos Corporation opposes the petition.  Ivantis replies.

In April 2018, Glaukos filed the underlying complaint, alleging that Ivantis's Hydrus Microstent device used for

treating glaucoma infringed two of Glaukos's patents. During discovery, Ivantis informed Glaukos that it was unable to produce emails prior to April 19, 2017, citing its email retention policy of deleting emails after 12 months.* Glaukos then moved for an adverse jury instruction.

The district court granted Glaukos's motion, finding that Ivantis had destroyed evidence despite "Ivantis *actually* fore[seeing] this litigation, at least by the beginning of 2017, if not earlier." Appx7. After concluding that Ivantis intended to deprive Glaukos of the emails in litigation in maintaining a policy that deleted emails after 12 months despite anticipating the litigation and concluding Glaukos was prejudiced in being deprived of potential evidence concerning copying and willfulness, the court ordered that the jury could presume the destroyed evidence was favorable to Glaukos and unfavorable to Ivantis.

A party seeking a writ bears the heavy burden of demonstrating to the court that it has no "adequate alternative" means to obtain the desired relief, *Mallard v. U.S. Dist. Court for the S. Dist. of Iowa*, 490 U.S. 296, 309 (1989), and that the right to issuance of the writ is "clear and indisputable," *Will v. Calvert Fire Ins.*, 437 U.S. 655, 666 (1978) (internal quotation marks omitted). And even when those requirements are met, the court must still be satisfied that the issuance of the writ is appropriate under the circumstances. *Cheney v. U.S. Dist. Court for the Dist. of Columbia*, 542 U.S. 367, 381 (2004).

It is generally inappropriate to review such discovery orders by mandamus because a post-judgment appeal is an adequate means to correct an erroneous adverse-inference instruction. *See Sanofi-Aventis Deutschland GmbH v. Glenmark Pharms., Inc., USA*, 748 F.3d 1354, 1361–63 (Fed. Cir. 2014); *Linde v. Arab Bank, PLC*, 706 F.3d 92, 119

---

\* Ivantis instituted a litigation hold on April 19, 2018, suspending the deletion of one-year old emails.

(2d Cir. 2013).  Ivantis suggests that it may not be able to survive such an appeal because, if Glaukos is successful in obtaining the judgment it seeks, Ivantis could owe more money than it is worth.  But we are not prepared to depart from the usual practice of waiting until after final judgment to review such orders based on such speculation.

While immediate intervention by way of mandamus may be appropriate in certain exceptional circumstances to review novel important legal issues, *see In re Seagate Tech., LLC*, 497 F.3d 1360, 1367 (Fed. Cir. 2007) (en banc), abrogated on other grounds by *Halo Elecs., Inc. v. Pulse Elecs., Inc.*, 136 S. Ct. 1923 (2016), we cannot say that such circumstances have been presented here.  Ivantis's petition challenges the assessment that it "acted with the intent to deprive another party of the information's use in the litigation." Fed. R. Civ. P. 37(e).  That assessment was based on the specific sequence of events leading up to the litigation, including: (1) one of the inventors informing Ivantis in 2009 that he was sure the accused product infringed; (2) Ivantis instituting its retention policy the same year it retained patent litigation counsel; (3) Ivantis's CEO circulating a report in 2017 from an industry analyst who stated the expectation Glaukos would sue for patent infringement in 2018; and (4) Ivantis preparing a petition for *inter partes* review at least a month before the complaint.  We discern no obvious basic, undecided legal issue underlying the district court's ruling, nor can we say that it was so patently unreasonable as to warrant mandamus.  As to Ivantis's request to order the court to defer any intent ruling until hearing trial testimony, the district court denied that request as procedurally improper under its local rules for not raising it until requesting reconsideration, and the court did not clearly and indisputably err in denying a request that it was not properly asked to consider.

Accordingly,

4                                                    IN RE: IVANTIS, INC.

IT IS ORDERED THAT:

The petition for a writ of mandamus is denied.

FOR THE COURT

<u>November 03, 2020</u>          <u>/s/ Peter R. Marksteiner</u>
         Date                     Peter R. Marksteiner
                                  Clerk of Court

s24